

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

       Plaintiff,

v.

D1- Christian Newby,

       Defendant.

Case:2:19-cr-20472
Judge: Cohn, Avern
MJ: Patti, Anthony P.
Filed: 07-15-2019 At 01:53 PM
INFO USA V NEWWBY (DA)

VIO:  Count One: 18 U.S.C. § 1343 –
Wire Fraud

Count Two: 18 U.S.C. §
1028A(a)(1) – Aggravated
Identity Theft

Count Three: 18 U.S.C. §
922(g)(3) – Unlawful User of
Controlled Substances in
Possession of Firearms and
Ammunition

Forfeiture Allegation

---

## INFORMATION

---

THE UNITED STATES ATTORNEY CHARGES:

### **COUNT ONE**
(18 U.S.C. § 1343 – Wire Fraud)

D-1 CHRISTIAN NEWBY

At times material to this information:

Amtrak operated a nationwide system of passenger rail transportation.

1

Amtrak customers were able to purchase Amtrak tickets electronically, through the Amtrak Mobile Application and Amtrak.com. Customers seeking to purchase Amtrak tickets online were required to provide personal identifying information, such as their name, address, as well as credit card information, including card verification value and expiration date, which was often used to pay Amtrak for the requested tickets. Amtrak verified the customer information, including the credit card information, and charged the credit card prior to issuing the customer a ticket.

Customers who cancelled an Amtrak ticket that they had previously purchased, were often issued a voucher, or credit, by Amtrak for the amount of the ticket purchased. This voucher could be used by the customer as a credit for future Amtrak ticket purchases.

Company A operates a virtual private computer network for its customers. Company A customers can access the Internet using Company A computer servers, which are located in Chicago, Illinois.

Ebay is a business that facilitates consumer-to-consumer and business-to-consumer sales through its website, thus allowing individuals to post items for sale on Ebay's website for other Ebay users to purchase.

Paypal operates an online payments system, and is used by certain Ebay users to pay for purchased items.

2

Victim A is an individual residing in Houston, Texas.

Defendant CHRISTIAN NEWBY resided in the Eastern District of Michigan.

From on or about March 29, 2018, and continuing until at least January 31, 2019, at Chicago, in the Northern District of Illinois, the Eastern District of Michigan, and elsewhere, the Defendant, CHRISTIAN NEWBY, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Amtrak, credit card issuing banks, Victim A and others by means of materially false and fraudulent pretenses, representations, and promises.

It was part of the scheme that NEWBY obtained credit card information for more than 1100 credit cards, without the card holders' authorization (the "stolen credit card information"), including the credit card information of Victim A.

It was further part of the scheme that NEWBY used the stolen credit card information without the authorization of the card holders, including Victim A, to purchase Amtrak tickets online using Amtrak.com or the Amtrak Mobile Application. NEWBY used the stolen credit card information without the authorization of the true account holders. In doing so, NEWBY fraudulently misrepresented that he had authority to purchase tickets from Amtrak using the stolen credit card information.

It was further part of the scheme that NEWBY misrepresented and concealed his true identity while using the stolen credit card information to purchase Amtrak

3

tickets.   For instance, NEWBY used Company A computer servers to conceal the manner in which he accessed Amtrak.com and the Amtrak Mobile Application.

It was further part of the scheme that after purchasing Amtrak tickets using the stolen credit card information, NEWBY cancelled the Amtrak tickets and received vouchers for the value of those tickets from Amtrak. Because the Amtrak tickets were purchased with stolen credit card information, NEWBY did not personally pay for any of the Amtrak tickets.   Instead, the true account holders for the stolen credit card information paid the costs, or, if they contested the charges, the credit card issuing bank or Amtrak incurred the costs of the ticket.

It was further part of the scheme that NEWBY advertised and sold the Amtrak vouchers on Ebay.com at a fraction of their face value.   NEWBY used the names of third parties, without their authorization, to create the Ebay accounts he used to sell the Amtrak vouchers. Typically, NEWBY listed vouchers for sale before purchasing Amtrak tickets or obtaining vouchers. After an Ebay customer purchased a voucher, NEWBY would either purchase an Amtrak ticket using stolen credit card information and create a voucher, or NEWBY would use an existing voucher to fill the customer's order.

It was also part of the scheme that NEWBY received payment for Amtrak vouchers via PayPal. The PayPal accounts NEWBY used to receive payment for the vouchers were registered under the names of third parties, without their

4

authorization.

It was further part of the scheme that NEWBY concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose and acts done in furtherance of the scheme.

As a result of the scheme NEWBY fraudulently caused Amtrak to issue more than $540,000 in ticket vouchers and caused losses in that same amount to Amtrak, credit card issuing banks and credit card holders. On or about July 31, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, the Eastern District of Michigan and elsewhere, the Defendant, NEWBY, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, from Chicago, Illinois, to a location outside of Illinois, namely a posting on eBay advertising an Amtrak voucher, with an approximate value of $373, in violation of 18 U.S.C. § 1343.

## COUNT TWO
(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

On or about August 6, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, the Eastern District of Michigan, and elsewhere, the Defendant, CHRISTIAN NEWBY, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim A's credit card account number ending 6054, during and in relation to a felony, namely a

violation of Title18 U.S.C. Section 1343, as alleged in Count One of the Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE
(18 U.S.C. § 922(g)(3) – Unlawful User of Controlled Substances in Possession of Firearms and Ammunition)

D-1 CHRISTIAN NEWBY

That on or about the 1st day of February, 2019, in the Eastern District of Michigan, the Defendant, Christian Newby, then being addicted to methamphetamine, a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess destructive devices, firearms, and ammunition, specifically:

Destructive Devices:

a. Device 1 – galvanized pipe and end caps, with a green fuse protruding from the device, containing explosive powder, weighing approximately 430.91 grams.

Firearms and Ammunition:

a. One (1) Kahr Arms, Model E9, 9mm caliber pistol, serial# BC0202, loaded with Seven (7) round magazine plus one (1) round in the chamber at time of seizure.
b. One (1) Keltec, Model ROB, 5.56 caliber assault weapon, serial# ZlZ52, loaded with stick magazine plus one (1) round in the chamber at time of seizure.
c. One (1) Inter Ordnance, Model AK Sporter, 7.62 caliber rifle, serial# F043699, loaded with 70 rounds of ammunition in drum magazine plus one (1) round in the chamber at time of seizure.
d. One (1) Fabriqu D'Armes, De Guerre De Precision, "Libia", .25 caliber semi-automatic pistol, serial number 15378, including Six (6) round magazine, and Seven (7) .25 caliber rounds of ammunition.

Said destructive devices, firearms and ammunition having been shipped and transported in interstate commerce, and affected interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(3).

**FORFEITURE ALLEGATION**
(18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)
– Criminal Forfeiture)

D-1 CHRISTIAN NEWBY

The allegations contained in Counts One and Three of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 18, United States Code, Section 924(d), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Information, the defendant, CHRISTIAN NEWBY, shall forfeit to the United States of America, under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the described fraudulent scheme. The property to be forfeited includes, but is not limited to, the following:

- Approximately $208,615.00 currency seized in or about February 2019;

7

- Funds seized from bank accounts located at University of Michigan Credit Union Account ($3,590.72), JPMorgan Chase Bank ($5,798.20), and Bank of America ($3,362.03);

- $1,794.65 seized from PayPal account;

- Miscellaneous jewelry, including: Gentleman's Stainless Steel Rolex Oyster Perpetual Air-King Wristwatch w/Sapphire Crystal, White Sport Dial w/Smooth Hi-Polished Steel Bezel, 34mm case and Gentleman's Stainless Steel Rolex Oyster Perpetual Date Wristwatch on a Steel Oyster Bracelet, 34mm Case Size w/ Hi-Polished Steel Bezel & Black Dial; and

- Miscellaneous gold and silver, including two (2) 1985 1oz Gold Maple Coins, one (1) 1986 1oz Gold Maple Coin, one (1) 2014 1oz Gold Krugerrand Coin, one (1) 1976 1oz Gold Krugerrand Coin, and one (1) 38.0 Dwt Silver Ingot.

In addition, the United States intends to seek a forfeiture money judgment for the total amount of criminal proceeds that defendant derived from the fraudulent scheme described in Count One.

Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(3) set forth in Count Three of this Information, the defendant, CHRISTIAN NEWBY, shall forfeit to the United States under Title 18, United

States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms, unregistered firearms, ammunition, and destructive devices involved in the commission of the offense, including, but not limited to: the destructive devices, firearms and ammunition specifically identified in Count Three of the Information and One (1) Fabriqu D'Armes, De Guerre De Precision, "Libia", .25 caliber semi-automatic pistol, serial number 15378, including Six (6) round magazine, and Seven (7) .25 caliber rounds of ammunition, and any other firearms, ammunition, or destructive devices seized from 236 E. Lewis Avenue, Milan, Michigan, 8651 Exeter Road, Carleton, Michigan, and 3901 Groveport Road, Unit C202, Obetz, Ohio in or about February 2019.

If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

MATTHEW SCHNEIDER
United States Attorney

Julie Beck
Julie Beck
Assistant United States Attorney
Chief, Drug Task Force

Robert Jerome White
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Robert.White@usdoj.gov
(313) 226-9620
(IL6304282)

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** | Case:2:19-cr-20472<br>Judge: Cohn, Avern<br>MJ: Patti, Anthony P.<br>Filed: 07-15-2019 At 01:53 PM<br>INFO USA V NEWWBY (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** |
| ☐ Yes   ☒ No | **AUSA's Initials:** _RJW_ |

**Case Title:** USA v.  Christian Newby

**County where offense occurred :**  Monroe

**Check One:**      ☒ Felony            ☐ Misdemeanor              ☐ Petty

\_\_\_\_Indictment/ ✓ Information --- **no** prior complaint.
\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [**Case number:**                          ]
\_\_\_\_Indictment/\_\_\_\_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____       **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 15, 2019
Date

Robert Jerome White
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9620
Fax:   313-226-3265
E-Mail address: Robert.White@usdoj.gov
Attorney Bar #: IL 6304282

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.