UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.

Christian Newby,

      Defendant.

Criminal No. 19-cr-20472

Hon. Avern Cohn

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, together with Defendant Christian Newby ("Defendant"), individually and by and through his attorney, Penny Beardslee, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States of America filed a felony Information on July 15, 2019, which charged Defendant with one count of Wire Fraud in violation of 18 U.S.C. § 1343, one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), and one count of Unlawful User

of Controlled Substances in Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(3) (ECF No. 1). The Information contains forfeiture allegations under 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) and specifically identifies certain property for criminal forfeiture.

    2.    On or about August 14, 2019, Defendant pleaded guilty to Counts One through Three of the Information.

    3.    In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed that he personally obtained or derived, directly or indirectly, at least $550,000.00 in criminal proceeds from the criminal scheme described in count One of the Information and agreed to the entry of a $550,000.00 forfeiture money judgment against him, in favor of the United States (the "Money Judgment").

    4.    In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to forfeit any and all right, title, and interest he may possess in the following assets and agreed that these assets are directly traceable to criminal proceeds, derived from defendant's commission of the wire fraud scheme charged in Count One:

a. Approximately $208,615.00 currency seized in or about February 2019;

b. Funds seized from bank accounts located at University of Michigan Credit Union Account ($3,590.72), JPMorgan Chase Bank ($5,798.20), and Bank of America ($3,362.03);

c. $1,794.65 seized from PayPal account;

d. Miscellaneous jewelry, including: Gentleman's Stainless Steel Rolex Oyster Perpetual Air-King Wristwatch w/Sapphire Crystal, White Sport Dial w/Smooth Hi-Polished Steel Bezel, 34mm case and Gentleman's Stainless Steel Rolex Oyster Perpetual Date Wristwatch on a Steel Oyster Bracelet, 34mm Case Size w/ Hi-Polished Steel Bezel & Black Dial; and

e. Miscellaneous gold and silver, including two (2) 1985 1oz Gold Maple Coins, one (1) 1986 1oz Gold Maple Coin, one (1) 2014 1oz Gold Krugerrand Coin, one (1) 1976 1oz Gold Krugerrand Coin, and one (1) 38.0 Dwt Silver Ingot.

5.   In his Rule 11, Defendant also agreed to forfeit the following firearm and ammunition as property involved in his violation of 18 U.S.C. § 922(g)(3) as alleged in Count Three of the Information:

  f. One (1) Fabriqu D'Armes, De Guerre De Precision, "Libia", .25 caliber semi-automatic pistol, serial number 15378, including Six (6) round magazine, and Seven (7) .25 caliber rounds of ammunition.

 6. On July 29, 2019, the United States filed its First Notice Regarding Administrative Forfeiture. The notice specifically identified 69 items processed and approved for administrative forfeiture by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). (ECF No. 11).

 7. On August 13, 2019, the United States filed its Second Notice Regarding Administrative Forfeiture. The notice specifically identified 21 items processed and approved for administrative forfeiture by the United States Secret Service (USSS). (ECF No. 12).

 8. After the administrative forfeiture proceedings conducted by ATF and USSS, the following items remain for judicial forfeiture: One (1) Fabriqu D'Armes, De Guerre De Precision, "Libia", .25 caliber semi-automatic pistol, serial number 15378, including Six (6) round magazine, and Seven (7) .25 caliber rounds of ammunition (the "Subject Property").

4

9. In the Rule 11, Defendant agreed to the Court's entry of one or more orders of forfeiture, including a Stipulated Preliminary Order of Forfeiture, containing the Money Judgment and forfeiture of his interest in the Subject Property. Defendant further agreed to consent to administrative forfeiture of his interest in any property that cannot be forfeited administratively in this action and/or in pending administrative forfeiture proceedings.

10. Defendant acknowledges that any unpaid amount due on the Money Judgment after application of any property for which forfeiture is final shall be satisfied through the forfeiture of any other assets owned and/or controlled by Defendant. The Defendant explicitly agrees to the forfeiture of substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

11. In the Rule 11, Defendant acknowledged his understanding that forfeiture is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waived his right to have a jury

determine the forfeitability of his interest in the Subject Property under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

12. In his Rule 11, Defendant knowingly, voluntarily, and intelligently waived any challenge to the forfeiture of the Subject Property based on the Excessive Fines Clause of the Eighth Amendment.

13. Defendant agrees that this order shall be final as to his interest in the Subject Property at entry. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Based on the Information, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), this **COURT ENTERS A FORFEITURE MONEY JUDGMENT** in the amount of **$550,000.00** against Defendant in favor of the United States. The **COURT FINDS** that the Money Judgment represents the proceeds Defendant obtained as a result of his offense. The Money Judgment

shall become final at entry given that ancillary proceedings are not required for the Money Judgment.

**THIS COURT FURTHER ORDERS** that under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that the Money Judgment may be satisfied, to whatever extent possible, from any other property owned by Defendant or under his control. To satisfy the Money Judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary

Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property and entry of the Money Judgment shall be made part of Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate

the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7)

and Federal Rule of Criminal Procedure 32.2(c)(2).  If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of any petitioned assets following litigation of the associated third party petition(s).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any timely filed third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e) to allow forfeiture of additional

assets to the extent the Subject Property does not result in full payment of the Money Judgment.

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| s/Adriana Dydell – See attached<br>ADRIANA DYDELL<br>Assistant United States Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>Phone: (313) 226-9125<br>e-mail: adriana.dydell@usdoj.gov<br>[CA Bar No 239516]<br><br>Dated: August 14, 2019 | s/Penny Beardslee – See attached<br>PENNY BEARDSLEE, ESQ.<br>Counsel for Christian Newby<br>613 Abbott St. Fl. 5<br>Detroit, MI 48226<br>Phone: (313) 967-5848<br>e-mail: penny_beardslee@fd.org<br>[P44363]<br><br>Dated: August 14, 2019<br><br>s/Christian Newby<br>Christian Newby<br>Defendant<br><br>Dated: August 14, 2019 |

----

**IT IS SO ORDERED.**

Dated: 8/20/2019

                                         **s/Avern Cohn**
                                         Honorable Avern Cohn
                                         United States District Judge

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

_____
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Phone: (313) 226-9125
e-mail: adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: August 14, 2019

_____
PENNY BEARDSLEE, ESQ.
Counsel for Christian Newby
613 Abbott St. Fl. 5
Detroit, MI 48226
Phone: (313) 967-5848
e-mail: penny_beardslee@fd.org
[P44363]

Dated: August 14, 2019

_____
Christian Newby
Defendant

Dated: August 14, 2019

---

12