UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                  Case No. 19-20472
                                  U.S. DISTRICT COURT JUDGE
                                  GERSHWIN A. DRAIN

CHRISTIAN NEWBY,

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT CHRISTIAN NEWBY'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

### I.     INTRODUCTION

On January 23, 2025, the Court received a letter from Defendant Christian Newby, which it construes as a Motion for Early Termination of Supervised Release. The Court ordered the Government to respond, which it filed on February 18, 2025. For the reasons that follow, Newby's Motion is DENIED WITHOUT PREJUDICE.

### II.    BACKGROUND

Over the course of nearly ten months, Newby operated a sophisticated and far-reaching identity theft and fraud scheme. Newby obtained the credit card information of at least 1,100 accounts and used it to purchase Amtrak tickets online

without the cardholders' knowledge. Newby would cancel the tickets and receive vouchers equal to their cash value. He would then list these vouchers on Ebay.com using the identities of unsuspecting individuals. This scheme resulted in over $500,000 of total losses to third parties.

Upon executing a search warrant at Newby's residence, federal agents discovered a cache of weapons, including loaded firearms and improvised explosive devices. They also found illegal narcotics. Newby was later arrested at a second location, and law enforcement found a loaded firearm and illegal drugs in his car.

Upon entering into a plea agreement with the Government, Newby pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and unlawful user of controlled substances in possessions of firearms and ammunition in violation of 18 U.S.C. § 922(g)(3). He was initially sentenced to 72 months of imprisonment followed by three years of supervised release. He was also required to pay $550,000 in restitution. His prison sentence was subsequently reduced to 54 months.

Newby has completed his prison sentence. His supervised release began on July 11, 2023, and is scheduled to terminate after three years on July 10, 2026. The terms of his supervised release include maintaining full-time employment, participating in a substance abuse treatment program, making monthly installment payments on the remaining balance of his restitution, and abiding by the rules of the

United States Probation Department's Computer Monitoring Program.

The primary motivation behind Newby's request for early termination of supervised release is to increase his chances of being hired directly by his current employer, where he is presently employed through a staffing agency. He started this job shortly after his release from custody and has worked his way up to a line lead position. He also desires to eliminate the costs associated with maintaining the monitoring software on his phone and computer—a condition of his supervised release—which costs him $86.52 a month. Newby expresses that he takes full responsibility for his actions. He represents that he has had no behavioral incidents and that he has successfully completed a psychological therapy program. Newby also claims he has made and will continue to make all necessary payments toward his restitution. The Government opposes Newby's request for early termination of supervised release.

### III.   LAW AND ANALYSIS

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Notwithstanding, a court may in its discretion "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release[] . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). In making this determination, the Court must consider the factors

generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the sentencing range established for the offense; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). These factors will be discussed in turn.

### A. Nature and Circumstances of Offense, Defendant's History and Characteristics

The first factor to be considered is "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). While Newby has no prior criminal history, the nature and circumstances of his offenses are undeniably serious. He exploited the personal and financial information of unsuspecting third parties to carry out a large-scale fraud scheme for personal profit. His conduct resulted in losses exceeding half a million dollars in just ten months. The seriousness of this conduct is magnified by his possession of dangerous weapons and illegal drugs.

The Court acknowledges that Newby takes full responsibility for his actions. He has also complied with the terms of his supervised release by maintaining gainful employment, completing a psychological therapy program, and generally staying

out of trouble. While this conduct is commendable, however, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citation omitted). Similarly, "productive employment, while laudable, does not justify the termination of supervision." *Id.* (citation omitted). "If 'unblemished' postrelease conduct warranted termination of supervised release, then 'the exception would swallow the rule,' i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (citation omitted). Accordingly, the Court finds that on balance, this factor does not support early termination of Newby's supervised release.

### B. The Need for the Sentence Imposed

The second factor evaluates "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). This factor addresses the multiple objectives of a criminal sentence, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as for the sentence "to afford adequate deterrence to criminal conduct." *Id.*

Here, the severity of Newby's offenses affirms the need for the sentence imposed. Furthermore, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Peppel*, 707

5

F.3d 627, 637 (6th Cir. 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)). Offenders engaging in such crimes often weigh the potential financial gain against the risk of loss, including the likelihood and severity of criminal punishment. As such, meaningful consequences are necessary to deter wrongdoers from engaging in such conduct. Early termination of Newby's supervised release would undercut this goal. Accordingly, the Court finds that this factor does not support early termination of Newby's supervised release.

### C. Available Sentences and Sentencing Range

The third factor considers "the kinds of sentences available," and the fourth factor considers "the kinds of sentence and the sentencing range established for" the defendant's offense. 18 U.S.C. § 3553(a). Here, Newby faced (1) a maximum 20-year prison sentence, up to three years of supervised release, and a maximum $250,000 fine for the wire fraud offense; (2) a mandatory two-year prison sentence, up to one year of supervised release, and a maximum $250,000 fine for the aggravated identity theft offense; and (3) a maximum 10-year prison sentence, up to three years of supervised release, and a maximum $250,000 fine for the unlawful use of controlled substances offense. Newby served 54 months in prison, which is far below the statutory maximums he faced. Furthermore, in light of the substantial restitution owed by Newby, the Court did not impose a fine. In light of these circumstances, the Court finds that this factor does not support early termination of

Newby's supervised release.

### D. Policy Statements

The fifth factor is "any pertinent policy statement" that was "issued by the Sentencing Commission" and was "in effect on the date the defendant [was] sentenced." 18 U.S.C. § 3553(a)(5). Newby does not identify any pertinent policy statement, and the Court is unaware of any. Thus, this factor is neutral.

### E. Sentence Disparities

The sixth factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Here, Newby's initial sentence of 72 months of imprisonment was below his guidelines range. He ultimately served just 54 months. Early termination of Newby's supervised release may create or contribute to unwarranted sentence disparities. Accordingly, this factor does not support early termination of Newby's supervised release.

### F. Restitution

The seventh and final factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Newby still owes substantial restitution. Supervised release will aid in facilitating Newby's restitution payments. As such, this factor does not support early termination of Newby's supervised release.

## IV. **CONCLUSION**

The Court commends Newby for his compliance with the terms of his supervised release and his apparent efforts to lead a productive and law-abiding life. However, this alone does not warrant a reduction in his supervised release sentence. The statutory factors that guide the Court's decision to modify a term of supervised release do not favor early termination in this case. Accordingly, Newby's Motion for Early Termination of Supervised Release is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: May 6, 2025                                       /s/Gershwin A. Drain
                                                         GERSHWIN A. DRAIN
                                                         United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 6, 2025, by electronic and/or ordinary mail.
/s/ Tara Villereal
Case Manager